50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Travis Kane JOURDAN, Defendant-Appellant.
 No. 94-30139.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 14, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Travis Kane Jourdan appeals his sentence upon a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Jourdan was charged as an armed career criminal under 18 U.S.C. Sec. 924(e)(1). We affirm.
 
 
 3
 Pursuant to a plea agreement, Jourdan received a sentence of 180 months in custody and five years of supervised release, to run concurrently with a state sentence for offenses occurring between March 7, 1992 and March 13, 1992. At his sentencing hearing, Jourdan argued that, pursuant to USSG Sec. 5G1.3, his sentence should relate back to the initial date of his confinement on the state offenses. The district court agreed with the government's position that Jourdan was entitled to no credit for time served in state custody for the March, 1992 state offenses.
 
 
 4
 USSG Sec. 5G1.3(b) provides that a concurrent sentence is appropriate where "the conduct resulting in the undischarged term of imprisonment has been fully taken into account under Sec. 1B1.3 (Relevant Conduct) in determining the offense level for the instant offense." USSG Sec. 5G1.3, comment. (n. 2) (Nov. 1993). In such cases, the district court must credit a defendant "for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense." Id.
 
 
 5
 Jourdan's offense level of 33 was calculated by reference to USSG Sec. 4B1.4(b)(3)(B), the armed career criminal provision, which applies to a defendant who is subject to an enhanced sentence under 18 U.S.C. Sec. 924(e). Section 924(e) applies where the defendant's instant offense of conviction is a violation of 18 U.S.C. Sec. 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense" committed on separate occasions. USSG Sec. 4B1.4, comment. (n. 1) (Nov. 1993).
 
 
 6
 The prior violent felony convictions considered by the district court for purposes of Sec. 924(e)(1) were three first degree burglaries occurring on April 17, 1987, January 29, 1988 and March 9, 1988. [ER at 22] There is nothing in the transcript of the sentencing hearing or any other portion of the record to suggest that the state offenses committed by Jourdan between March 7, 1992 and March 13, 1992 had any impact on his offense level. Nor did defendant argue that his March, 1992 state offenses constituted conduct that should be taken into account in computing his offense level. In any event, we reject defendant's contention that his state and federal offenses were "different criminal transactions that were part of the same course of conduct." Although the time interval between the offenses was short, we do not find that they were sufficiently similar to qualify as part of the same course of conduct. Finally, we reject appellant's collateral estoppel argument, raised for the first time in the reply brief. The government has consistently maintained that the state and federal offenses are unrelated.
 
 
 7
 Thus, we hold that Jourdan is not entitled to credit for time served in state custody for the March, 1992 state offenses. See United States v. Merino, No. 93-10587, slip op. at 15677 (9th Cir. filed Dec. 21, 1994) (section 5G1.3(b) not applicable where sentencing court did not take into account undischarged term of state incarceration in setting defendant's base offense level); cf. U.S. v. Kiefer, 20 F.3d 874, 875 (8th Cir.1994) (defendant argued and district court agreed that undischarged term of state incarceration had been "fully taken into account in the determination of the offense level").
 
 
 8
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3